08-3586-cr
United States v. Chao (Han)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand ten.

PRESENT:

> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> *Circuit Judges.* [1]

_____

UNITED STATES OF AMERICA,
> *Appellee*,

v.                                                  08-3586-cr
                                                    NAC

JUNG CHAO, also known as TONY, CHUNG MY HUONG NGUYEN, also known as LAN, THUONG TRI TANG, SPARTAK NOKU, MOHAMMAD ALI HUSSAIN, also known as ELI, SOMNATH MUKHERJEE, also known as UNCLE ELI, also known as SATISHKUM PATEL, JASON CHANG, also known as JAY, JAE KANG, DANH THANH VU, also known as INKMAN, also known as MR. DAN, MING NGUYEN, also known as MINH, PHONG DOC NGUYEN, YUTHIEN TRANS, also known as DUNG, also known as TEETHIAN TRANS, LILLY QUANG NGUYEN, also known as NURSE LILLY, THANH KIM, TAIDE TAN, also known as KYAW T. PAINE, VU P. LEE, XIA WU HU, JIAN PING GUAN, also known as SHAO PING, also known as MARK, also known as GUAN JIAN PING,

---

[1] Because Judge Debra Ann Livingston, originally assigned to this panel, recused herself from this case, the remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E ( 2n Cir. IOP E).

**ZHANG OU, JIA LONG WANG, also known as LITTLE DRAGON,**
    *Defendants*,

**ERIC HAN, also known as AH ER,**
    *Defendant-Appellant.*

_____

**FOR DEFENDANT-**
**APPELLANT:**                    **Marlon G. Kirton, Law Offices of**
                                 **Marlon G. Kirton, New York, NY.**

**FOR APPELLEE:**                **Jeffrey A. Brown, Michael A. Levy,**
                                 ***for* Preet Bharara, United States**
                                 **Attorney for the Southern District**
                                 **of New York, New York, NY.**

UPON DUE CONSIDERATION of this appeal from the judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Eric Han appeals the judgment of the United States District Court for the Southern District of New York, sentencing him to 24 months' imprisonment and the applicable mandatory minimum of six years of supervised release.  We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

Han argues that the district court treated the Sentencing Guidelines as binding or at least presumptively

reasonable and did not adequately consider the sentencing factors in 18 U.S.C. § 3553(a), and hence that the 24-month sentence was procedurally unreasonable. We review the sentence for reasonableness, *United States v. Booker*, 543 U.S. 220, 261-62 (2005); *United States v. Fernandez*, 443 F.3d 19, 25-26 (2d Cir. 2006), "under a deferential abuse-of-discretion standard," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). Because Defendant challenges only the procedural reasonableness of the sentence, we do not review here the actual length of the sentence.

It is clear from the record that the court was "aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005). There is a strong presumption that judges have considered factors under section 3553(a) and related arguments absent "record evidence suggesting otherwise." *Fernandez*, 443 F.3d at 30. Han's claim that the district court failed to consider his need for drug treatment and his desire to pursue education is not supported by any such evidence. Indeed, there is evidence to the contrary; the district court recommended

3

drug treatment during Han's imprisonment. "[W]e do not require 'robotic incantations' that the district court has considered each of the § 3553(a) factors," *Cavera*, 550 F.3d at 193, especially in a garden-variety case such as this one "where the parties have addressed only straightforward, conceptually simple arguments to the sentencing judge," *id.* (internal quotation marks omitted).

Although the court gave deference to the Sentencing Guidelines, it did not treat those Guidelines as binding or even presumptively reasonable, but simply treated them as a "starting point and the initial benchmark," giving due consideration to the fact that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46, 49 (2007). It is apparent from the court's consideration of the § 3553(a) factors that it was willing and able to consider deviating from the Guidelines, but because nothing was especially unusual about this case, the court gave deference to the careful study that went into the Guidelines and ended where it began, with the "starting point" that is the Guidelines. *Id.* at 49. In any event, the district court specifically stated, "I appreciate that the guidelines are only advisory."

We have reviewed all of Defendant-Appellant's remaining arguments and have found each of them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk